James T. Hynes, Asst. U. S. Atty., Chicago, Ill., for plaintiff.

Robert Ullman, Bass, Ullman & Lustigman, New York City, John F. Sembower, Robert C. Smith, Jr., Russell, Bridewell, Sembower & Cook, Chicago, Ill., for defendant.

**UNITED STATES of America, Plaintiff,**

**v.**

**AN ARTICLE OF FOOD CONSISTING OF the FOLLOWING: 60 CASES, MORE OR LESS, EACH CONTAINING 12/50 TABLET BOTTLES . . . all labeled in part: . . . (bottle) "Aangamik 15 Calcium Pangamate, etc., Defendant.**

**Foodscience Laboratories Incorporated, Claimant.**

**Nos. 77 C 662, 77 C 3314, 77 C 1647, 77 C 1526, 77 C 4219 and 77 C 3210.**

United States District Court, N. D. Illinois, E. D.

July 9, 1979.

## ORDER

ROSZKOWSKI, District Judge.

This cause comes before the court on plaintiff's motion for leave to file an amended complaint.

This case involves a complaint for forfeiture involving shipments by the claimant of defendant articles of food which were allegedly adulterated and misbranded. Plaintiff has asked for leave to file an amended complaint which would grant injunctive relief against claimant if the allegations of the original complaint are proven true. In *Fresh Grown Preserve Corp. v. United States,* 143 F.2d 191, 195 (6th Cir. 1944), in a case involving adulteration and misbranding in violation of the Federal Food, Drug and Cosmetic Act, the court noted:

> . . . a court having jurisdiction of the principal cause, possesses jurisdiction over all its incidents, and may by motion, attachment, or execution enforce its decrees against all who become parties to the proceedings.

**230**

Consistent with this opinion is the case of *United States v. 184 Barrels Dried Whole Eggs*, 53 F.Supp. 652 (E.D.Wis.1943). That case involved a situation nearly identical to the instant case. The court there held that in a proceeding in rem for condemnation of allegedly adulterated dried whole eggs, amendment of the pleadings to include a prayer for injunctive relief against the claimant was allowed because the prayer for condemnation and the prayer for an injunction both grew out of the same transaction and the basic issues were identical. The court finds that case indistinguishable from the instant action.

Accordingly, in order to further the ends of justice, eliminate multiplicity of actions and save expense to the parties, plaintiff's motion for leave to file an amended complaint is granted. Defendant is given twenty (20) days to answer or otherwise plead after said amendment. This cause is set for status hearing on September 12, 1979 at 9:30 A.M.